Floyd Leroy REEVES, Individually and as a member of the class of persons similarly situated, Plaintiff,

v.

Reginald EAVES, Individually and in his capacity as Commissioner of Public Safety, Wyche Fowler, Q. V. Williamson, Buddy Fowlkes, Panke Bradley, Ira Jackson, Carl Ware, Hugh Pierce, Gregory Griggs, Marvin Arrington, John Calhoun, Charles Helms, James Howard, James Bond, Morris Finley, Nick Lambrose, George Cotsakis, Richard Guthman, Arthur Langford and Jack Summers, Individually and in their official capacities as Councilmen, the City of Atlanta, and Maynard Jackson, Individually and in his official capacity as Mayor of the City of Atlanta, Defendants,

Frank Roberts and the Fraternal Order of Police, Intervenors.

AFRO–AMERICAN PATROLMEN'S LEAGUE and Willie D. Cameron, Jerry L. Manning, Harvey M. Wright, C. J. Perry, Dewitt Smith, Ceasar C. Mitchell, Eulus S. Moore, James O. Flag, W. F. Whitaker, Jessie L. Spear, Individually and as members of the class of persons similarly situated, Plaintiffs,

v.

Reginald EAVES, Individually and in his capacity as Commissioner of Public Safety, Wyche Fowler, Q. V. Williamson, Buddy Fowlkes, Panke Bradley, Ira Jackson, Carl Ware, Hugh Pierce, Gregory Griggs, Marvin Arrington, John Calhoun, Charles Helms, James Howard, James Bond, Morris Finley, Nick Lambrose, George Cotsakis, Richard Guthman, Arthur Langford and Jack Summers, Individually and in their official capacities as Councilmen, the City of Atlanta, and Maynard Jackson, Individ-

ually and in his official capacity as Mayor of the City of Atlanta, Defendants.

Civ. A. Nos. 18191, 18227.

United States District Court, N. D. Georgia, Atlanta Division.

Order Jan. 23, 1978.

Order for Hiring of Police Personnel Feb. 6, 1978.

Ronald H. Stroup, Atlanta, Ga., for plaintiff in No. 18191, Reeves v. Eaves.

Ferrin Y. Mathews, City Atty., W. Roy Mays, III, Asst. City Atty., Atlanta, Ga., for City defendants.

John Nuckolls, Atlanta, Ga., for intervening defendants Frank Roberts and FOP.

Antonio L. Thomas, Atlanta, Ga., for plaintiffs in No. 18227, Afro–American Patrolmen's League v. Inman, etc.

J. Stanley Hawkins, Atlanta, Ga., for Metropolitan Atlanta Crime Commission (amicus).

## ORDER

MOYE, District Judge.

In May, 1977 the defendants, City of Atlanta, et al., announced that vacant posi-

tions in the Atlanta Bureau of Police Services (hereinafter referred to as ABPS) would be filled through the use of a screening process which included an examination developed internally by the ABPS (hereinafter referred to as the Spring Examination). Plaintiff–Reeves, et al. and Intervenors–Fraternal Order of Police, et al. filed motions for temporary restraining orders and permanent injunctions seeking to prohibit the defendants from hiring any persons pursuant to such examination (hereinafter referred to as the Spring Examination).

Before the close of evidence on the subject Spring Examination and prior to the entry of any order by the Court on the afore-mentioned motions, the defendants, without admitting any liability with regard to the Spring Examination, abandoned the use of the results of said examination. Additionally, the defendants readvertised for applicants to fill the vacant positions in the ABPS and engaged professional testing consultants for the purpose of selecting a new examination(s) for use as a screening device and to develop validation studies in support thereof.

It is agreed that the defendants may proceed with the new examining process without present objections. It is understood and agreed that any possible claims relative to the examination or administration thereof are preserved and may be raised at such time as the examination process is completed and the results thereof made known.

The parties have waived further hearings and findings of fact and conclusions of law with regard to the motions of plaintiff Reeves, et al. and intervenors for injunctive relief with respect to the Spring Examination and have mutually agreed to the entry of this Order, which shall not constitute an admission by the defendants herein of any violation of law; nor shall the same constitute a waiver by any of the parties of any objections.

IT IS, THEREFORE, HEREBY ORDERED AS FOLLOWS:

1. The defendants are authorized to utilize the examinations selected by the Southeastern Regional Office of the Educational Testing Service and Psychological Resource Association, as discussed between the parties hereto, for selecting personnel to fill vacant police officer positions in the ABPS; and

2. The defendants will notify all persons who presently have applications on file with the ABPS for such vacant positions that residency in the City of Atlanta is not a condition for employment with the ABPS; and

3. The defendants will report to the Court and the parties the statistical results of the subject hiring procedure as soon as they are available and prior to hiring any personnel pursuant to said procedure.

4. Since the Spring Examination has been abandoned by the defendants herein, the same being the subject of the motions for injunctive relief by plaintiffs, Reeves, et al. and intervenors, FOP, et al, said motions are moot and are hereby withdrawn.

### ON ORDER FOR HIRING OF POLICE PERSONNEL

This Court has by order dated January 23, 1978, authorized the City to administer an entry level test for applicants to become policemen in the Atlanta Bureau of Police Services. The details of the administration of that test have been discussed by the Court and all parties with the City, and the arrangements have been explained to the Court by the Assistant City Attorney.

Therefore, the Court will permit the hiring of 120 City policemen on the basis of the precise rank order of the E.T.S. test currently being administered. The City represents to the Court that it intends to hire at least that precise number as a result of that test. The City may request the subsequent use of said test and the Court will carefully consider such request.

The parties recognize that the results of this test, which the Court directs to be reported to it within 10 days following the administration of said test, may indicate the need for changes or qualifications in subsequent tests; nevertheless, it is the opinion of the Court as well as of the parties that

the current administration of the test will provide an adequate basis for the employment of entry level applicants in the number set forth above.

Therefore, the parties, by their attorneys, are directed to confer within 30 days of this order to prepare, and submit to the Court, a mutually agreed upon pretrial order which shall specify all resolved issues in this litigation, and all procedural steps to accomplish the disposition of said issues; particular attention shall be paid to the assessment of the results of the current administration of the entry level test, and whether the Court should have future hearings, or other procedures, prior to the establishment of a permanent pattern for hiring by the Atlanta Bureau of Police Services.